# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CATO, JR., | CASE NO. 1:10-cv-00793-MJS (PC) |
| Plaintiff, | ORDER DIRECTING THE CLERK TO RETURN MATERIALS |
| v. | (ECF Nos. 3 & 7) |
| T. AVILA, et al., | |
| Defendants. | |

**ORDER**

Plaintiff James Cato, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff began this action by filing his Complaint on May 5, 2010. (ECF No. 1.) He then filed his consent to Magistrate Judge jurisdiction on May 17, 2010. (ECF No. 5.) No other parties have appeared.

Before the Court are two motions filed by Plaintiff: (1) Motion to Return Adult Material Exhibits filed on May 5, 2010 and (2) Motion Requesting the Court to Return Items

1

Mistakenly Forwarded to Court as Exhibit B filed on May 17, 2010.  (ECF Nos. 3 & 7.)

In the Motion filed on May 5, Plaintiff requests that the Court return Exhibit B to his Complaint in the enclosed self-addressed stamped envelope.  Plaintiff states that these are adult materials and his original copies.  He asks the Court to make copies and then send the originals back to him.  In the Motion filed on May 17, Plaintiff states that he "inadvertently" forwarded personal photographs and flyers, attached as Exhibit B to his Complaint, and that they are not significant to this action.  He then asks that the photographs and flyers be returned to him.

In its Screening Order, the Court found cognizable Plaintiff's excessive force claim (Count One).  (ECF No. 11.)  The Court dismissed Counts Two, Three, and Four for violating Rule 18(a).  The Court noted that "Count One occurred in 2005 while Plaintiff was housed at Corcoran and involves the alleged use of excessive force by a number of prison guards.  Counts Two through Four allege that two employees at [Pleasant Valley State Prison] wrongfully confiscated Plaintiff's mail in 2008 and 2009.  Because Count One involves an event that occurred three years before the events complained of in the remaining counts at a different facility and are brought against different Defendants, Plaintiff's Complaint violates Rule 18(a)."  (Id. at pp. 3-4.)  The Court then directed that Counts Two, Three, and Four be dismissed without prejudice, and noted that Plaintiff is free to bring those Counts in a separate Section 1983 action.

Because the Court has dismissed Plaintiff's claims related to mail confiscation, the materials that are the subject of the pending Motions are not relevant to the above-captioned action.  The Court sees no reason for retaining the materials in its file.  However, the Court will not return the materials to Plaintiff directly, as it is unclear whether prison

regulations permit him to possess these materials.  Instead, the Clerk shall return the above-described materials to the Litigation Coordinator for a determination as to whether they may be returned to Plaintiff.  If the Litigation Coordinator (or other authorized official at CSP-Corcoran) determines that they do not violate prison policies, these materials shall be returned to the Plaintiff.

Based on the foregoing, it is HEREBY ORDERED that:

> The Clerk's Office shall send the flyers and photographs that were attached to Plaintiff's original Complaint to the Litigation Coordinator at CSP-Corcoran for a determination as to whether prison policies allow their return to Plaintiff.

IT IS SO ORDERED.

Dated:   March 2, 2011                    /s/ *Michael J. Seng*
ci4d6                                     UNITED STATES MAGISTRATE JUDGE