UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CATO, JR., | CASE NO.   1:10-cv-00793-MJS (PC) |
| Plaintiff, | ORDER DENYING DEFENDANTS' MOTION TO DISMISS |
| v. | (ECF No. 19) |
| T. AVILA, et al., | |
| Defendants. | |
| / | |

Plaintiff James Cato, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff began this action by filing his Complaint on May 5, 2010. (ECF No. 1.) He filed consent to Magistrate Judge jurisdiction on May 17, 2010. (ECF No. 5.) The Court screened Plaintiff's Complaint on March 1, 2011, and found that Plaintiff stated a cognizable claim against Defendants Avila, Kavanaugh, Dumont, Rodriguez, Patrick, England, Bueno, Patterson, and Johnson for excessive force in violation of the Eighth Amendment. (ECF No. 11)  Plaintiff submitted the required service documents for these Defendants and the United States Marshall effectuated service. (ECF Nos. 14 & 15.)

In lieu of an answer, Defendants Avila, Kavanaugh, Dumont, Rodriguez, Patrick,

England, Bueno, Patterson, and Johnson filed a Motion to Dismiss on the ground that Plaintiff had failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a).  (ECF No. 19.)  Plaintiff has filed an Opposition to the Motion to Dismiss (Opp., ECF No. 21), and Defendants filed a Reply (Reply, ECF No. 23).  The Motion to Dismiss is now ready for ruling.

I. **LEGAL STANDARD**

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211 (2007).  The Supreme Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).  Further, the exhaustion of remedies is required, regardless of the relief sought by the prisoner, as long as the administrative process can provide some sort of relief on the prisoner's complaint.  Booth v. Churner, 532 U.S. 731, 741 (2001).

The California Department of Corrections and Rehabilitation ("CDCR") established an administrative system for prisoner's grievances.  See Cal.Code Regs., tit. 15 § 3084, et seq.  To properly exhaust the administrative remedies, a prisoner must comply with the deadlines and other applicable procedural rules.  Woodford v. Ngo, 548 U.S. 81, 93  (2006).

The exhaustion requirement of § 1997e(a) does not impose a pleading requirement, but rather is an affirmative defense under which defendants have the burden of proving the plaintiff failed to exhaust the available administrative remedies before filing a complaint in the District Court.  Jones v. Bock, 549 U.S. 199, 216 (2007).  A motion raising a prisoner's failure to exhaust the administrative remedies is properly

asserted by way of an unenumerated motion under Fed.R.Civ.P 12(b).  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003); <u>Ritza v. Int'l Longshoremen's & Warehousemen's Union</u>, 837 F.2d 365, 368 (9th Cir. 1998) (per curium).  In determining whether a case should be dismissed for failure to exhaust the administrative remedies, "the court may look beyond the pleadings and decide disputed issues of fact" in a procedure that is "closely analogous to summary judgment." <u>Id.</u> at 1119–20.  When the court concludes the prisoner has not exhausted all of his available administrative remedies, "the proper remedy is dismissal without prejudice." <u>Id.</u>

**II.    ANALYSIS**

Defendants move for dismissal pursuant to 42 U.S.C. § 1997e(a).  Defendants argue that Plaintiff's Complaint should be dismissed because Plaintiff failed to exhaust his administrative remedies as required by the PLRA.

According to Defendants, Plaintiff "filed four grievances relevant to this lawsuit.  The first two, log nos., COR-05-04597 and COR-05-04834, were denied at the first level of review and [Plaintiff] did not pursue the matter further." (Mot. at 4.)  Also according to Defendants, Plaintiff's other two grievances were screened out as untimely.  (<u>Id.</u>)

Plaintiff asserts that his Complaint is not barred under the PLRA.  Plaintiff opposes the Motion on the grounds that there is newly discovered evidence that indicates that he exhausted his administrative remedies, that appeal log COR-05-4597 was completed and the requested relief was given, and that the appeals that he submitted were timely pursuant to the California Code of Regulations.  (Pl. Opp. at 3-7.)

The Court need not address Plaintiff's first and third arguments in opposition to Defendants' Motion at this time as analysis of Plaintiff's second argument regarding log no. COR-05-4597 will be dispositive of this motion.  Log no. COR-05-4597 was Plaintiff's first grievance, and it encompasses all of Plaintiff's claims and allegations.  If Plaintiff satisfied his obligations under the PLRA for this one grievance, he will have sufficiently exhausted his administrative remedies for his claims and allegations.

Log. No. COR-05-4597 appears to be the primary grievance giving rise to this

lawsuit. It was the first grievance filed after the underlying incident and it describes the incident and Plaintiff's requested relief in detail. (Campbell Decl. Ex. A.) Log No. COR-05-4597 was denied, but after denying the grievance, it states, "[a]lso, based on the fact-finding investigation, I have concluded my finding that your allegations are exonerated." (Id. at 4.) Plaintiff argues that this language means that his grievance was granted and additional appeal was unnecessary. (Pl. Opp. at 5-6.) Defendants do not provide any explanation for the language

A prisoner's failure to exhaust may be excused where an inmate takes "reasonable and appropriate steps to exhaust [a] claim," but is precluded from doing so by the mistake or misconduct of a prison official. Nunez v. Duncan, 591 F.3d 1217, 1224–25 (9th Cir. 2010); see also Ngo v. Woodford, 539 F.3d 1108, 1110 (9th Cir. 2008) (suggesting a prisoner is excused from the exhaustion requirement when "prison officials obstruct[ ] his attempts to exhaust" or "procedures for processing grievances weren't followed by prison officials"). In Nunez, the plaintiff took various steps to exhaust the administrative remedies, including filing both formal and informal appeals, and "made every effort to make full use of the prison grievance process, but was stymied by the mistake." Id. at 1224, 1226. In Sapp, another case where a plaintiff was frustrated from exhausting the administrative remedies, the court held that "improper screening of an inmate's administrative grievances renders administrative remedies 'effectively unavailable' such that exhaustion is not required under the PLRA." Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010).

Here, Plaintiff was frustrated from exhausting his administrative remedies because the decision in log No. COR-05-4597 allegedly, and understandably, led him to believe his appeal was granted and that no further action was required on his part under the PLRA. Given this frustration of his courses of review, PLRA exhaustion is excused. Sapp, 623 F.3d at 822. Defendants, having chosen not to address the conflicting language, have not carried their burden of demonstrating an unexcused failure to exhaust administrative remedies. Id. Defendants' Motion to Dismiss must be

denied.

### III. ORDER

Accordingly, Defendants Avila, Kavanaugh, Dumont, Rodriguez, Patrick, England, Bueno, Patterson, and Johnson's Motion to Dismiss is denied.

IT IS SO ORDERED.

Dated: November 16, 2011      /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE