# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CATO, JR., | CASE NO.   1:10-cv-793-AWI-MJS (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND GRANTING PLAINTIFF'S MOTIONS TO AMEND |
| v. | |
| T. AVILA, | (ECF Nos. 16, 25, 26) |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

Plaintiff James Cato, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed his initial Complaint on May 5, 2010, alleging violations of his Eighth Amendment right to be free from excessive force. (ECF No. 1.) The Court has screened Plaintiff's Complaint, found that it stated a cognizable claim, and ordered service. (ECF No. 11.)

Plaintiff has several motions pending before the Court:

On May 2, 2011, Plaintiff filed a letter asking that the Court correct an error in an order. (ECF No. 25.) The Court construes this request as a Motion for Reconsideration.

On May 24, 2011, Plaintiff filed a Motion to Correct the Stipulation attached to his Complaint. (ECF No. 16.)

On July 14, 2011, Plaintiff filed a Motion for Leave to File a Supplemental Complaint and a proposed supplemental complaint. (ECF Nos. 26 & 27.) Defendants have filed objections to this Motion. (ECF No. 28.)

These three Motions are now before the Court.

I.  **MOTION FOR RECONSIDERATION**

In his Motion for Reconsideration, Plaintiff asks that the Court reconsider its Order (Order, ECF No. 12) filed in response to Plaintiff's 1) Motion to Return Adult Material Exhibits (ECF No. 3) and 2) Motion Requesting the Court to Return Items Mistakenly Forwarded to Court as Exhibit B (ECF No. 7). (Mot., ECF No. 25.)

In the Order at issue, the Court granted Plaintiff's Motions because Plaintiff's claims related to mail confiscation had been dismissed, and the material subject to the Motions was not relevant in the above-captioned action. (Order at 2.) The Court did not see any reason for retaining the material in its file. However, the Court did not return the material directly to Plaintiff because it was concerned whether prison regulations permitted Plaintiff to possess the material at issue. (Id.) The Court instead returned the material to the prison Litigation Coordinator to determine whether or not Plaintiff could keep the material. (Id. at 3.)

Plaintiff asks that the Court "correct [its] error," and order Plaintiff's material to be returned to him. (Mot. at 2.) Plaintiff would like the material returned to him because they are his legal exhibits. (Id.)

"A motion for reconsideration should not be granted, absent highly unusual

-2-

circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court 's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision.  U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff has failed to meet this standard.  Plaintiff merely reargues that the material should be returned to him because it constitutes legal exhibits.  However, as the Court previously informed him, they are not exhibits in this action because Plaintiff's claims regarding mail confiscation have been dismissed.  It appears Plaintiff simply disagrees with the Court's decision.  He does not point to any new facts, law or prison policy that would permit him to maintain possession of adult material.

Accordingly, Plaintiff 's Motion for Reconsideration (ECF No. 25) is DENIED.

## II. MOTIONS FOR SUPPLEMENTAL PLEADINGS

It is unclear as to whether Plaintiff wishes to file a supplemental pleading or an amended pleading. Reviewing Plaintiff's Motions, it appears that Plaintiff wishes to file an amended complaint.  Therefore, the Court will analyze both Motions as motions to amend.

In the case of a motion for an amended pleading, under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  In this case, a responsive

pleading has been served. Therefore, Plaintiff may not file a second amended complaint without leave of court.

In this, as in any, case a party may file a non-frivolous motion to amend under Rule 15(a). "Rule 15(a) is liberal and leave to amend shall be given when justice so requires. AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile. " Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

### A    Motion to Correct Stipulation

Plaintiff first filed a Motion to Correct Stipulation. (Mot., ECF No. 16.) Plaintiff wishes to correct a stipulation attached to his Complaint to argue, using a newly discovered prison appeal form, that he has exhausted his administrative remedies. (Id.)

The Court construes this as a motion to amend, and finds that Plaintiff's motion should be granted. Plaintiff wishes to correct a stipulation attached to his Complaint regarding administrative exhaustion. (Mot. at 1.) Plaintiff alleges that he has found new evidence regarding an administrative grievance that he previously filed. (Id.) Since it appears that this request would not prejudice the opposing party at this stage of the litigation, is not sought in bad faith, would not unduly delay the ligation, and would not be futile, Plaintiff's Motion should be granted.

### B.    Motion for Leave to File a Supplemental Complaint

Plaintiff has filed a Motion for Leave to File a Supplemental Complaint. (Mot., ECF No. 26.) In it, he asks to file a supplemental complaint with additional facts not included in his original Complaint. Plaintiff's wishes to amend his Complaint to include a single paragraph re-describing the 2005 incident giving rise to his original complaint. (ECF No. 27.)

This request on its own would not be enough for the Court to grant a motion to amend. Plaintiff only wants to amend his pleading to describe differently the event at issue in his original Complaint, and he fails to identify sufficient grounds for the order. (Mot. at 1.) The amended complaint Plaintiff has filed with the Court is not in and of itself an amended pleading. (ECF No. 27.) However, because the Court will be granting Plaintiff's initial Motion to Correct Stipulation (ECF No. 16), there is no reason why Plaintiff cannot include this information in his amended pleading. The Court will disregard the amended complaint filed in conjunction with this Motion and Plaintiff should file an amended pleading that comports with the standard set forth below.

### C.  **Standard for Amended Pleadings**

Although the Court is granting Plaintiff's requests to file an amended pleading, Plaintiff should note that the Court will not simply add the allegations contained in the instant Motion to Plaintiff's original Complaint. Plaintiff must file an amended complaint that includes <u>all</u> of the facts that make up his claim. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. The Court will not refer to or consider any matter in the original complaint. Therefore, in an amended complaint, each claim and the involvement of each

defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

### III.     CONCLUSION

Accordingly, the Court hereby ORDERS the following:

1. Plaintiff 's Motion for Reconsideration (ECF No. 25) is DENIED;

2. Plaintiff's Motions to Correct Stipulation and for Leave to File a Supplemental Complaint are GRANTED;

3. Plaintiff shall file his amended complaint within **thirty (30) days** of entry of this Order;

4. **Failure to comply with this deadline may result in dismissal of this action.**

IT IS SO ORDERED.

Dated:    January 21, 2012                    /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE