# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CATO, JR., <br><br> Plaintiff, <br><br> v. <br><br> T. AVILA, <br><br> Defendants. <br> _____ / | CASE NO.   1:10-cv-793-AWI-MJS (PC) <br><br> ORDER DENYING MOTIONS FOR ISSUANCE OF SUBPOENA DUCES TECUM AND REQUEST FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM AS PREMATURE <br><br> (ECF Nos. 35 & 44) |

Plaintiff James Cato, Jr. ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 5, 2010.  This action is proceeding against Defendants Avila, Kavanaugh, Dumont, Rodriguez, Patrick, England, Bueno, Patterson, and Johnson for excessive use of force in violation of the Eighth Amendment.

On December 12, 2011, Plaintiff filed a motion for subpoenas duces tecum.  (ECF No. 35.) On March 1, 2012, Plaintiff filed a second motion for subpoenas duces tecum and for a writ of habeas corpus ad testificandum.  (ECF No. 44.)  Defendants have not filed any opposition to Plaintiff's motions.  Plaintiff's motions are now before the Court.

## I. MOTIONS FOR SUBPOENAS DUCES TECUM

Subject to certain requirements set forth herein, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents from a non-party, Fed. R. Civ. P. 45, and to service of the subpoena by the United States Marshal, 28 U.S.C. 1915(d).

1  However, the Court will consider granting such a request *only if* the documents sought from
2  the non-party are not equally available to Plaintiff and are not obtainable from Defendants
3  through a request for the production of documents.  Fed. R. Civ. P. 34.  If Defendants
4  object to Plaintiff's discovery request, a motion to compel is the next required step.  If the
5  Court rules that the documents or tangible things are discoverable but Defendants do not
6  have care, custody, and control of them, Plaintiff may then seek a subpoena.  Alternatively,
7  if the Court rules that the documents are not discoverable, the inquiry ends.

8      In this instance, Plaintiff does not explain what information he is seeking, if he has
9  taken other steps to obtain this information, or how Defendants have responded to these
10 other steps, if any.  Plaintiff's motions for subpoenas duces tecum shall be denied.  Plaintiff
11 may renew his motion only if he is unsuccessful in obtaining the documents directly from
12 Defendants in compliance with Rule 34 and the Court's discovery order and provides the
13 information discussed above.

14 **II.    MOTION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM**

15     A writ of habeas corpus ad testificandum is used to obtain the in-court testimony of
16 a prisoner.  This matter is still in discovery.  After discovery closes and in the event that this
17 matter goes to trial, the Court will issue a scheduling order, informing Plaintiff of when and
18 how to obtain a writ of habeas corpus ad testificandum for incarcerated witnesses.  At this
19 time, Plaintiff's request is premature.

20 **III.   CONCLUSION**

21     Accordingly, Plaintiff's motion for the issuance of subpoenas duces tecum, filed
22 December 12, 2011 (ECF No. 35), and motion for the issuance of subpoenas duces tecum
23 and writs of habeas corpus ad testificandum filed on March 1, 2012 (ECF No. 44), are
24 HEREBY DENIED as premature.

25
26
27
28 IT IS SO ORDERED.

Dated:    April 13, 2012              /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE