# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CATO, JR., | CASE NO. 1:10-cv-793-AWI-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION FOR DENIAL OF PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | |
| T. AVILA, et al. | (ECF No. 40) |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |

Plaintiff James Cato, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed his initial complaint on May 5, 2010, alleging violations of his Eighth Amendment right to be free from excessive force. (ECF No. 1.) The Court has screened Plaintiff's complaint, found that it stated a cognizable claim, and ordered service. (ECF Nos. 11, 14, & 15.) This action is proceeding against Defendants Avila, Kavanaugh, Dumont, Rodriguez, Patrick, England, Bueno, Patterson, and Johnson for excessive use of force in violation of the Eighth Amendment. (Id.)

On February 2, 2012, Plaintiff filed a motion for reconsideration (ECF No. 40) asking

that the District Judge review this Court's January 23, 2012 Order denying Plaintiff's motion for reconsideration. (ECF No. 39.)

In all of these motions for reconsideration, Plaintiff asks for essentially the same thing: Plaintiff would like the Court to reconsider its Order. (Order, ECF No. 12.) This series of requests for reconsideration began with Plaintiff's Motion to Return Adult Material (ECF No. 3) and Motion Requesting Return of Items Mistakenly Forwarded to Court (ECF No. 7). The Court granted Plaintiff's Motions (because Plaintiff's claims related to mail confiscation had been dismissed so that the material addressed in the Motions was not relevant to the action). (Order, ECF No. 12 at 2.) However, because of concern as to whether prison regulations permitted Plaintiff to possess the material, it was returned to the prison litigation coordinator to determine whether Plaintiff could keep it. (Id. at 3.) Plaintiff remains dissatisfied that the material was returned directly to him.

Plaintiff's ground for reconsideration is that "it [was] not the role of the Court to be concerned with the inner workings of the prison," and that "the Magistrate's giving Plaintiff's exhibits to a non-party is clear error." (Mot., ECF No. 40 at 3.) Plaintiff would also like the material returned to him because they are his legal exhibits. (Id.)

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court 's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision. U.S. v.

Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff again fails to meet the requisite standard for reconsideration. The only basis for Plaintiff's present motion is his continued disagreement with the Court's previous decision and action. (Mot., ECF No. 40.) He presents no new facts or evidence and cites to no legal authority for again challenging the Court's action or, for that matter, to any authority to the effect that the action was unlawful.

Accordingly, the Court RECOMMENDS that Plaintiff's Motion for Reconsideration (ECF No. 40) be DENIED.

These Findings and Recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: April 20, 2012           /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE