# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CATO, JR., <br><br> Plaintiff, <br><br> v. <br><br> T. AVILA, et al., <br><br> Defendants. <br> _____ / | CASE NO. 1:10-cv-0793-AWI-SMS PC <br><br> ORDER DENYING PLAINTIFF'S DISCOVERY MOTIONS WITHOUT PREJUDICE <br><br> AND <br><br> DIRECTING DEFENDANTS TO RESPOND WITHIN TWENTY DAYS <br><br> (ECF Nos. 38 & 54) |

Plaintiff James Cato, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed his initial complaint on May 5, 2010, alleging violations of his Eighth Amendment right to be free from excessive force. (ECF No. 1.) The Court screened Plaintiff's complaint, found that it stated a cognizable claim, and ordered service. (ECF Nos. 11, 14, & 15.) This action is proceeding against Defendants Avila, Kavanaugh, Dumont, Rodriguez, Patrick, England, Bueno, Patterson, and Johnson for excessive use of force in violation of the Eighth Amendment. (Id.)

On January 10, 2012, Plaintiff filed a "motion for court order," which appears to be a motion for a subpoena duces tecum to command the Director of California Department of Corrections ("CDCR") to produce various documents and take certain actions. (ECF No. 38.) On June 22, 2012, Plaintiff filed another motion for a subpoena duces tecum to

command Connie Gibson, acting warden of Corcoran State Prison, to produce video-recordings.  (ECF No. 54.)  Defendants have not filed oppositions to either motion. Plaintiff's motions are now before the Court

## I.    MOTION FOR DOCUMENTS FROM CDCR

In his January 10, 2012, motion, Plaintiff asks that the Court 1) issue an order compelling the Director of CDCR to allow Plaintiff to correspond confidentially with inmate witnesses, 2) order the Director of CDCR to provide Plaintiff with the location of Plaintiff's inmate witnesses, 3) order the Director of CDCR to provide a way for Plaintiff to personally interview the inmate witnesses, 4) provide Plaintiff with a private investigator to interview the inmate witnesses, 5) order the Director of CDCR to allow Plaintiff to inspect his medical files, medical expert reports, and photographic imagery, 6) order the Director of CDCR to direct individuals at Corcoran State Prison  to provide him with access to the law library at least twice a week, and 7) order the Director of CDCR to transport Plaintiff to the United States District Court in Fresno, California to use the Court's law library twice a week.  (ECF No. 38.)  Although Plaintiff uses the word "compel", it appears he is in fact simply asking that the Court authorize a subpoena duces tecum directing a non-party, the Director of CDCR, to produce information and take certain actions.

Subject to certain requirements set forth herein, Plaintiff may be entitled to the issuance of a subpoena commanding the production of documents from non-parties. Fed. R. Civ. P. 45.  A subpoena can be used to command a person to do the following: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises.  Id.  However, the Court will consider granting such a request *only if* the documents sought from the non-party are discoverable, are not equally available to Plaintiff, and are not obtainable from Defendants through a request for production of documents.  Fed. R. Civ. P. 45(c); Fed. R. Civ. P. 34.

Plaintiff is entitled to seek discovery of any non-privileged matter that is relevant to his claims.  Fed. R. Civ. P. 26(b)(1).  The discovery sought may include information that

is not admissible as long as it appears reasonably calculated to lead to the discovery of admissible evidence.  Id.

Plaintiff's remaining Eighth Amendment claim arise out of Defendants alleged assault on Plaintiff after he was rendered semi-unconscious. Such a claim implicates a use of force that was "unnecessary and wanton infliction of pain." (Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001), a malicious and sadistic use of force to cause harm (Hudson v. McMillian, 503 U.S. 1, 9 (1992); see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

Whether force used by prison officials was excessive is determined by inquiring if the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7.  The Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. See Whitley, 475 U.S. at 321.  The absence of significant injury alone is not dispositive of a claim of excessive force. See Wilkens v. Gaddy, ___ U.S. ___, ___, 130 S. Ct. 1175, 1176-77 (2010).

Plaintiff's requests for production relating to such issues in this case can be broken into two groups.  The first consists of requests for information allowed under Fed. R. Civ. P. 45, and the second of requests that the Court order the Director of the CDCR, a non-party, to take certain actions.  The Court will analyze each group separately.

The first group includes the following requests: 1) order the Director of CDCR to provide Plaintiff with the location of Plaintiff's inmate witnesses and 2) order the Director of CDCR to allow Plaintiff to inspect his medical files, medical expert reports, and

photographic imagery. Pursuant to the California Code of Regulations, prisoners are allowed to correspond with inmates held at state correctional agencies. Cal. Code. Regs., tit. 15 § 3139. Inmates are also allowed to review their own medical files. Id. at § 3370. Plaintiff alleges that these requests are relevant to his claims and alleges that he has tried to obtain this information through various requests, but has been unsuccessful. (Mot. at 2-3.) Thus, Plaintiff's efforts to secure such information appears appropriate under the circumstances of this case. Such requests should be dealt with with as minimal expenditure of resources as practical for all involved and, if possible, informally. To that end, **defense counsel shall contact the litigation office** at Corcoran State Prison in an effort to facilitate the provision to Plaintiff of the current location of Plaintiff's inmate witnesses and Plaintiff's medical files. Defense counsel shall notify the Court within twenty days of the date of service of this Order whether this direction can be complied with and, if so, when. If defense counsel fails to so proceed, Plaintiff may serve a Fed. R. Civ. P. 34 request for the production of same on Defendants. If these avenues prove unsuccessful the Court will consider directing the U.S. Marshal to effect service of a records subpoena on the Director of CDCR.

The second group includes the following requests : 1) issue an order compelling the Director of CDCR to allow Plaintiff to confidentially correspond with inmate witnesses, 2) order the Director of CDCR to provide a way for Plaintiff to personally interview the inmate witnesses, 3) provide Plaintiff with a private investigator to interview the inmate witnesses, 4) order the Director of CDCR to direct individuals at Corcoran State Prison to provide him with access to the law library at least twice a week, and 5) order the Director of CDCR to transport Plaintiff to the United States District Court in Fresno, California to use the Court's law library twice a week. These requests are beyond the scope of Fed. R. Civ. P. 45 and beyond the scope of the Court's jurisdiction. The Director is not a party to this litigation. Accordingly, these requests must be denied.

II.     <u>MOTION FOR VIDEOTAPE FOOTAGE</u>

On June 22, 2012, Plaintiff filed a motion for a subpoena duces tecum on Connie

Gibson, acting warden of Corcoran State Prison, to produce a copy of the videotape footage of the September 5, 2005 incident underlying this action. (Mot., ECF No. 54.) Plaintiff had previously requested the information from Defendants, but they objected to and denied custody or control of the recordings. (Id. at 2.)

In responding to discovery requests, Defendants must produce documents which are in their "possession, custody or control." Fed. R. Civ. P. 34(a). Actual possession, custody or control is not required, however. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document. Soto v. City of Concord, 162 F.R.D. 603, 620 (N.D. Cal. 1995). As this Court explained in Allen v. Woodford, 2007, U.S. Dist. LEXIS 11026, *4-6, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (internal citations and quotations omitted):

> Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand. A party having actual possession of documents must allow discovery even if the documents belong to someone else; legal ownership of the documents is not determinative. Control need not be actual control; courts construe it broadly as the legal right to obtain documents upon demand. Legal right is evaluated in the context of the facts of each case. The determination of control is often fact specific. Central to each case is the relationship between the party and the person or entity having actual possession of the document. The requisite relationship is one where a party can order the person or entity in actual possession of the documents to release them. This position of control is usually the result of statute, affiliation or employment. Control may be established by the existence of a principal-agent relationship.

Here, Defendants attempts to avoid production by contending that they are not in possession, custody or control of the requested videotape. The specific facts of this action, however, render such an objection highly questionable. By virtue of their employment with

5

non-party CDCR, individual Defendants are represented by the Attorney General's Office. It is this Court's experience that either individual defendants who are employed by CDCR and/or the Attorney General can generally obtain documents, such as the videotape at issue here, from CDCR by requesting them. If this is the case, then, based on their relationship with CDCR, they have constructive control over the requested documents and the documents must be produced. See, eg., Mitchell v. Adams, 2009 U.S. Dist. LEXIS 24289, *24-25, 2009 WL 674348, *9 (E.D. Cal. Mar. 6, 2009) (even though defendant warden was sued in his individual capacity, he had constructive control over requested documents because he had authority to obtain the requested documents from third party CDCR); see also Gray v. Faulkner, 148 F.R.D. 220, 223-224 (N.D. Ind.1992)(requiring certification that responding party "have conducted a search for the information reasonably available to them through their agents, attorneys, or others subject to their control and have determined that the information requested either does not exist or that it has been produced.")

If Defendants choose to stand on this objection, they must provide factual support for the assertion that, in spite of their relationship to CDCR, they do not have possession, custody or control of the requested documents. Defendants should also be mindful of the fact that, absent production, they will be precluded from using the requested items, or any items of this kind, as evidence in support of summary judgment, in opposition to any of Plaintiff's positions, and in any way during trial. Fed. R. Civ. P. 37(c)(1). Should Defendants stand on this objection and subsequently seek to use the requested item or like items, they must, at minimum, supplement their responses, and explain the method by which they obtained the documents. Most importantly, they will also be required to demonstrate that the prior objection was taken in good faith given that they now have and seek to use the requested documents. Fed. R. Civ. P. 26(e)(1).

### III.    CONCLUSION AND ORDER

For the reasons set forth herein, it is HEREBY ORDERED that:

1.    Plaintiff's motion for the issuance of a subpoena duces tecum commanding

|   |   |   |
|---|---|---|
| 1 |   | the Director of the California Department of Corrections and Rehabilitation |
| 2 |   | to provide Plaintiff with the location of inmate witnesses and his medical |
| 3 |   | records, filed January 1, 2012 (ECF No. 38), is DENIED, without prejudice; |
| 4 | 2. | Plaintiff's motion for the issuance of a subpoena duces tecum commanding |
| 5 |   | the Director of the California Department of Corrections and Rehabilitation |
| 6 |   | to allow Plaintiff to correspond with his inmate witnesses and to provide a |
| 7 |   | way for Plaintiff to personally interview the inmate witnesses, with a private |
| 8 |   | investigator to interview the inmate witnesses, access to the law library at |
| 9 |   | least twice a week, transportation for Plaintiff to use the library of the United |
| 10 |   | States District Court in Fresno, California, filed January 10, 2012 (ECF No. |
| 11 |   | 38), is DENIED, without prejudice; |
| 12 | 3. | Defense counsel shall work with the litigation office at Corcoran State Prison |
| 13 |   | to facilitate the production of information regarding the location of Plaintiff's |
| 14 |   | inmate witnesses and the review of Plaintiff's medical file, and notify the |
| 15 |   | Court within **twenty (20) days** whether same will be provided to Plaintiff and |
| 16 |   | if so, when; and |
| 17 | 4. | Plaintiff's motion for a subpoena to direct Connie Gibson, acting warden of |
| 18 |   | Corcoran State Prison to produce videotape from September 5, 2005 of the |
| 19 |   | underlying incident is DENIED without prejudice; and |
| 20 | 5. | Within **twenty (20) days** of entry of this Order, Defendants shall provide |
| 21 |   | additional factual information regarding whether or not they are able to obtain |
| 22 |   | and produce the requested videotape. |

IT IS SO ORDERED.

Dated:  August 20, 2012          /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE

7