1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

| | |
|---|---|
| JAMES CATO, JR., | CASE NO. 1:10-cv-0793-AWI-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS FOR DENIAL OF MOTIONS FOR INJUNCTIVE RELIEF |
| v. | |
| T. AVILA, et al., | (ECF Nos. 58, 59, 60, 62, 72, & 75) |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

9
10
11
12
13
14
15

_____/

16
17

Plaintiff James Cato, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in

forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

18
19
20

Plaintiff filed his initial complaint on May 5, 2010, alleging violations of his Eighth

Amendment right to be free from excessive force.  (ECF No. 1.)  The Court screened

Plaintiff's Complaint, found that it stated a cognizable claim, and ordered service. (ECF

21
22

Nos. 11, 14, & 15.) This action is proceeding against Defendants Avila, Kavanaugh,

Dumont, Rodriguez, Patrick, England, Bueno, Patterson, and Johnson for excessive use

23
24

of force in violation of the Eighth Amendment.  (Id.)

Plaintiff has the following motions pending before the Court:

25
26

1.      motion regarding Plaintiff's legal property (ECF No. 58);

2.      motion requesting the Court direct prison officials to return Plaintiff's legal

27
28

materials (ECF No. 59);

1

3.      motion for an immediate transfer to another institution (ECF No. 60);

4.      motion for law library access (ECF No. 62);

5.      motion for an immediate transfer (ECF No. 72); and

6.      motion for law library use (ECF No. 75).

Plaintiff's motions all fall within the category of requests for injunctive relief. Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 22, 129 S. Ct. 365, 376 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by evidence. With respect to motions for preliminary injunctive relief or a temporary restraining order, the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2).

Plaintiff requests orders for: return of his legal property (ECF Nos. 58, 59), transfer to another institution (ECF Nos. 60, 72), and access to the Court's legal library (ECF Nos. 62, 75).

Plaintiff was housed at Pleasant Valley State Prison when he initiated this action

(ECF No. 1), the underlying events occurred at California State Prison-Corcoran (id.), and Plaintiff was recently transferred to High Desert State Prison (ECF No. 78).

Plaintiff's motions are moot given his transfer to High Desert State Prison. (ECF No. 78.)  Moreover, the Court does not have jurisdiction to order relief which would require directing parties not before the Court to take action.

Accordingly, the Court RECOMMENDS that Plaintiff's motions for injunctive relief (ECF Nos. 58, 59, 60, 62, 72, 75) be DENIED for lack of standing.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Y1 st, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    October 24, 2012           /s/ _Michael J. Seng_
                                UNITED STATES MAGISTRATE JUDGE