# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CATO, JR., | CASE NO. 1:10-cv-0793-AWI-SMS PC |
|         Plaintiff, | ORDER DENYING MISCELLANEOUS MOTIONS |
|    v. | (ECF Nos. 64 and 82) |
| T. AVILA, et al., | |
|         Defendants.      / | |

Plaintiff James Cato, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed his initial complaint on May 5, 2010, alleging violations of his Eighth Amendment right to be free from excessive force. (ECF No. 1.) The Court screened Plaintiff's Complaint, found that it stated a cognizable claim, and ordered service. (ECF Nos. 11, 14, & 15.) This action is proceeding against Defendants Avila, Kavanaugh, Dumont, Rodriguez, Patrick, England, Bueno, Patterson, and Johnson for excessive use of force in violation of the Eighth Amendment. (Id.)

Plaintiff has the following motions pending before the Court:

1.    motion to supplement (ECF No. 64); and
2.    motion for a subpoena duces tecum (ECF No. 82).

Defendants have filed an opposition to Plaintiff's motion to supplement (ECF No. 66) and Plaintiff filed a reply to that opposition (ECF No. 74). Defendants have not filed an opposition to the motion for a subpoena duces tecum.

I.      MOTION TO SUPPLEMENT THE COMPLAINT

This action is currently proceeding on Plaintiff's Eighth Amendment excessive force claim arising out of an incident on September 5, 2005, at California State Prison-Corcoran. Plaintiff now seeks to add new claims against current Defendant Dumont relating to events that occurred on July 1-2, 2012. (ECF No. 64.) Plaintiff alleges that Defendant Dumont smirked at Plaintiff and asked him questions about his confinement history and the following day Plaintiff was placed in the "the hole." (Id.) Plaintiff does not include any other facts suggesting that Defendant Dumont was responsible for his placement in "the hole". It is his sense that Defendant Dumont asked him questions about his confinement history to pressure him to drop this lawsuit. (Id.)

As described by Plaintiff, the new allegations do not appear to constitute a cognizable claim. However, the Court will not screen the claim at this time or otherwise address or resolve the issue of whether or not this claim is cognizable because, as noted below, supplementation is inappropriate.

Pursuant to Fed. R. of Civ. P. 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Rule 15(d) does not require the moving party to satisfy a transactional test, but there must still be a relationship between the claim in the original pleading and the claims sought to be added. Keith v. Volpe, 858 F.2d 467, 474 (9th Cir. 1988). Thus, "[w]hile leave to permit supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action." Planned Parenthood of Southern Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation marks and citation omitted).

It appears Plaintiff wants to allege that the 2012 events are a continuation and extension of the events in 2005. However, the events are related only in that Defendant Dumont's actions in 2012 were allegedly motivated by his desire to persuade Plaintiff to drop the present excessive force lawsuit. While the Court expresses no final opinion as to whether these new allegations give rise to new claims for violations of federal rights, the

1  2012 events are separate, distinct, and reflect new claims.

2      This action has been pending for more than two years and is based upon events
3  which occurred seven years ago.  Allowing Plaintiff to add new, separate, and distinct
4  claims at this juncture would not serve the interests of judicial economy and convenience.
5  The proposed claims are not sufficiently related to the present to support allowing leave
6  to supplement.  Planned Parenthood, 130 F.3d at 402; Keith, 858 F.2d at 474.

7      Accordingly, Plaintiff's motion seeking leave to file a supplemental complaint, filed
8  on July 13, 2012, is HEREBY DENIED.

9  **II.     MOTION FOR SUBPOENA DUCES TECUM**

10      Plaintiff has filed a motion for a subpoena duces tecum, asking that the Court order
11  the Director of the California Department of Corrections and Rehabilitation ("CDCR") to
12  allow Plaintiff to meaningfully communicate with his inmate witnesses and produce video
13  footage from the September 5, 2005 underlying incident.  (ECF No. 82 at 3-4.)

14      Plaintiff previously filed discovery motions regarding these issues.  Plaintiff filed a
15  January 10, 2012, motion, Plaintiff asking the Court to 1) issue an order compelling the
16  Director of CDCR to allow Plaintiff to confidentially correspond with inmate witnesses, 2)
17  order the Director of CDCR to provide Plaintiff with the location of Plaintiff's inmate
18  witnesses, 3) order the Director of CDCR to provide a way for Plaintiff to personally
19  interview inmate witnesses, and 4) provide Plaintiff with a private investigator to interview
20  his inmate witnesses, among other requests.  (ECF No. 38.)  Plaintiff also filed a June 22,
21  2012, motion, to direct the Director of CDCR to produce video footage of the September
22  5, 2005 incident.  (ECF No. 54.)  In response, the Court directed Defendants to provide
23  Plaintiff with information regarding the location of Plaintiff's inmate witnesses and the
24  existence of any videotape of the September 5, 2005 incident.  (ECF No. 73.)  Defendants
25  responded on September 10, 2012, and provided Plaintiff with the location of his inmate
26  witnesses and stated that there was no videotape of the September 5, 2005 incident itself.
27      Both requests in Plaintiff's current motion for a subpoena duces tecum are denied.
28  First, Plaintiff's request that the Court order the Director of CDCR to allow Plaintiff to

communicate with his inmate witnesses is beyond the scope of Fed. R. of Civ. P. 45 and the Court's jurisdiction.  Second, the Court cannot order the Director of the CDCR to produce a videotape of the September 5, 2005 incident if no such videotape exists. Defendants are only required to produce documents within their "possession, custody or control."  Fed. R. Civ. P. 34(a).

Accordingly, Plaintiff's motion for a subpoena duces tecum, filed October 1, 2012, is DENIED.

IT IS SO ORDERED.

Dated:   October 24, 2012                    /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE

4