# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CATO, JR., | Case No. 1:10-cv-0793-AWI-MJS |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS FOR DENIAL OF DEFENDANT KAVANAUGH'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| T. AVILA, et al., | (ECF No. 80) |
| Defendants. | FOURTEEN-DAY OBJECTION DEADLINE |

## I. PROCEDURAL HISTORY

Plaintiff James Cato, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding on Plaintiff's claim that while he was incarcerated at California State Prison in Corcoran California, Defendants Avila, Kavanaugh, Dumont, Rodriguez, Patrick, England, Bueno, Patterson, and Johnson used excessive physical force against him in violation of his rights under the Eighth Amendment to the United States Constitution. (Am. Compl., ECF No. 41.)

On September 28, 2012, Defendant Kavanaugh filed a motion for summary judgment. (Def.'s Mot. Summ. J., ECF No. 80.) Pursuant to Woods v. Carey, 684 F.3d 934 (9th Cir. 2012) and Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), Defendant

1  notified Plaintiff of his rights, obligations and methods for opposing Defendants' motion
2  for summary judgment.  (Rand Notice, ECF No. 80-1.)  Plaintiff filed an opposition on
3  October 15, 2012. (Pl.'s Opp'n, ECF No. 86.)  Defendant filed a reply.  (Def.'s Reply,
4  ECF No. 87.)  Pursuant to Local Rule 230(*l*), Defendant Kavanaugh's motion is now
5  ready for ruling.

6  The Court has considered all papers filed in support of and in opposition to the
7  motion for summary judgment, and, for the reasons set forth below, recommends that
8  the motion be denied.

9  **II. LEGAL STANDARD**

10  Any party may move for summary judgment, and the Court shall grant summary
11  judgment if the movant shows that there is no genuine dispute as to any material fact
12  and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a)
13  (quotation marks omitted); Washington Mutual Inc. v. United States, 636 F.3d 1207,
14  1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is disputed or
15  undisputed, must be supported by (1) citing to particular parts of materials in the record,
16  including but not limited to depositions, documents, declarations, or discovery; or (2)
17  showing that the materials cited do not establish the presence or absence of a genuine
18  dispute or that the opposing party cannot produce admissible evidence to support the
19  fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  While the Court may consider
20  other materials in the record not cited to by the parties, it is not required to do so.  Fed.
21  R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031
22  (9th Cir. 2001).

23  As the moving party, Defendant Kavanaugh bears the initial burden of proving the
24  absence of a genuine dispute of material fact.  In re Oracle Corp. Securities Litigation,
25  627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323
26  (1986)) (quotation marks omitted).  Because Plaintiff bears the burden of proof at trial,
27  Defendant Kavanaugh needs only prove that there is an absence of evidence to support
28  Plaintiff's case.  In re Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 326)

(quotation marks omitted).  If Defendant Kavanaugh meets his initial burden, the burden shifts to Plaintiff to designate specific facts demonstrating the existence of genuine issues for trial.  Id. (citing Celotex, 477 U.S. at 324).  However, Plaintiff need not file any countervailing declarations or other materials if Defendant Kavanaugh's papers are insufficient on their face to demonstrate the lack of any material issue of fact.  Kaiser Cement Corp. v. Fischbach and Moore, Inc., 793 F.2d 1100, 1103-04 (9th Cir. 1986); Lew v. Kona Hosp., 754 F.2d 1420, 1423 (9th Cir. 1985) (quotation marks omitted).

In resolving Defendant Kavanaugh's motion for summary judgment, all of the evidence must be viewed in the light most favorable to Plaintiff as the non-moving party, Garcia v. County of Merced, 639 F.3d 1206, 1208 (9th Cir. 2011); Hunt v. City of Los Angeles, 638 F.3d 703, 709 (9th Cir. 2011), and all reasonable inferences must be drawn in his favor, LVRC Holdings LLC v. Brekka, 581 F.3d 1127, 1136 (9th Cir. 2009); Pinard v. Clatskanie School Dist. 6J, 467 F.3d 755, 763 (9th Cir. 2006).  Further, Plaintiff's papers are treated more indulgently since he is the nonmoving party.  Lew, 754 F.3d at 1423.

### III. **FACTS**

The facts, viewed in the light most favorable to Plaintiff, are as follows:

Plaintiff alleges that on September 5, 2005, Defendant Avila opened Plaintiff's cell door and asked him to step out.  (Am. Comp., ECF No. 41 at 5; Defendant's Undisputed Facts ("DUF"), ECF No. 80-3 at ¶ 11.)  Plaintiff complied but asked to be allowed to take his water bottle.  (Am. Compl. at 5; DUF at ¶ 13.)  Defendant Avila seized Plaintiff and Plaintiff tried to escape from Defendant Avila's grasp.  (Id.)  Defendant Avila struck Plaintiff.  (Id. at 6; DUF at ¶ 15.)  Plaintiff was shot by the tower control officer and Defendant Avila tackled him.  (Id.)

Plaintiff alleges Defendants Kavanaugh and Dumont were the first to respond to the incident.  (Am. Compl. at 6.)  Defendants Dumont, England, and Avila started punching and hitting Plaintiff.  (Am. Compl. at 6; DUF at ¶16.)  Plaintiff was knocked semi-unconscious, but Defendants Dumont, Avila, Rodriguez, Patrick, England, and

3

Bueno continued to beat Plaintiff. (Am. Compl. at 6, DUF at ¶ 17.) Defendant Kavanaugh observed the incident and did not intervene. (Id. at 7.)[1]

Plaintiff continued to be attacked as he was removed from the unit. (Am. Compl. at 6; DUF at ¶ 19.) Defendants Patterson and Johnson beat Plaintiff in the cargo van that was used to transport him from the incident. (Id.)

## IV. **DISCUSSION**

Defendant Kavanaugh moves for summary judgment on grounds that he cannot be held liable under a theory of vicarious liability and that he is entitled to qualified immunity.

Plaintiff argues that Defendant Kavanaugh has liability because he failed to stop his subordinates from using unnecessary force.

### A.   **Supervisory Liability**

Defendant Kavanaugh argues that Plaintiff's claim against him is based solely on his supervisory position and should be dismissed because a § 1983 claim cannot rest on supervisory liability alone.

Defendant Kavanaugh is correct in noting that mere supervisory liability will not support a § 1983 claim. Instead, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 676. Rather, each government official, regardless of his or her title, is only liable for his or her own

---

[1] For the purposes of his motion, Defendant Kavanaugh has agreed to the accuracy of Plaintiff's version of events except as to Plaintiff's description of Defendant Kavanaugh's role in the incident. Defendant Kavanaugh alleges that he merely supervised the correctional staff in the area and did not use any force against Plaintiff. (Def.'s Mem. P. & A., ECF No. 80-7 at Ex. B at 27-28.) Plaintiff alleges that Defendant Kavanaugh observed the incident and failed to intervene even though he had the opportunity to do so. (Am. Compl. at 7.) Regardless of how Defendant Kavanaugh defines his duties, it appears that he was near the incident and observed it as it occurred: He states that Defendant Dumont "utilized a forward strike to a lower leg area of inmate Cato." (Id.)

misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 677.

When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). For § 1983 claim of supervisory liability, Plaintiff must demonstrate some facts indicating that the defendant either personally participated in the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

In the instant case, Plaintiff alleges, and the facts before the Court are sufficient to support a finding, that Defendant Kavanagh failed to intervene when he saw that Plaintiff was being subjected to excessive force by correctional officers subject to Defendant Kavanaugh's direction and control. Under Taylor, a plaintiff states a claim against a party who knew of violations and failed to act to prevent them. Here, Plaintiff alleges that Defendant Kavanaugh observed the attack and did not intervene. (Pl.'s Dep., ECF No. 80-5 at 7.) Plaintiff has not rested his claim against Defendant Kavanagh solely on the allegation Defendant Kavanagh was in the supervisorial chain above the other defendants.[2]

### B. Qualified Immunity

Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a

---

[2] The Court recognizes that Plaintiff's claims were allowed to proceed on an excessive force claim. On review, it appears that his claim against Defendant Kavanagh is more properly characterized as one for failure to intervene to prevent harm. Since any failure to intervene claim would be derivative of Plaintiff's excessive force claim, this difference in terminology is not enough to grant summary judgment in favor of Defendant Kavanaugh. The Court will not grant summary judgment in favor of a defendant when undisputed facts support a cause of action consistent with the facts such that defendant had adequate notice of the acts or omissions for which they were being sued. See Claiborne v. Blauser, No. 2:10-cv-2427-LKK-EFB-P, 2013 WL 1384995, at *5 (E.D. Cal. April 4, 2013) (citing Lynch v. Barrett, No. 09–cv–00405–JLK–MEH, 2010 WL 3938357, at *5-7 (D. Colo. June 9, 2010)) (Denial of summary judgment on an excessive force claim which would be better characterized as a failure to intervene claim because the failure to intervene is a theory of liability that derives meaning from excessive force and is not a separate claim).

reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In ruling upon the issue of qualified immunity, one inquiry is whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the defendant's conduct violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 201 (2001), overruled in part by Pearson v. Callahan, 555 U.S. 223 (2009) ("Saucier procedure should not be regarded as an inflexible requirement"). The other inquiry is whether the right was clearly established. Saucier, 533 U.S. at 201. The inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition . . . ." Id. "[T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Id. at 202 (citation omitted). In resolving these issues, the court must view the evidence in the light most favorable to plaintiff and resolve all material factual disputes in favor of plaintiff. Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986).

The facts taken in the light most favorable to Plaintiff could support a finding of an intentional violation of Plaintiff's right under the Eighth Amendment to be free from excessive force. Such rights were clearly established at the time of the incident. See, e.g., Whitley v. Albers, 475 U.S. 312, 320–21 (1986) (excessive force); Estelle v. Gamble, 429 U.S. 97, 105, 97 (1976) (deliberate indifference to a serious medical need). Defendant Kavanaugh is not entitled to qualified immunity.

## V. **CONCLUSION AND RECOMMENDATION**

For the reasons set forth herein, the Court RECOMMENDS that Defendant Kavanaugh's motion for summary judgment, filed on September 28, 2012, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and

Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: July 25, 2013            /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE